**Reversed and Rendered in Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed November 24, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00385-CV

---

### APPROXIMATELY $31,421.00, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2012-13933**

---

## C O N C U R R I N G   O P I N I O N

Under the applicable standard of review and the charge submitted to the jury, the trial evidence is legally insufficient to support the jury's finding that the money seized from the claimant is contraband. Therefore, the proper course is to reverse the forfeiture judgment, render judgment ordering the State to return the seized property, and remand for further proceedings. Because the majority reaches this result, I join in the court's judgment, but I respectfully decline to join the

majority opinion. My analysis is narrower.

In his second issue, claimant Fredi Azuara Enriquez argues that the trial evidence is legally insufficient to support the jury's finding that the money seized from him is contraband. The State did not object to this part of the jury charge, and this court measures the sufficiency of the evidence under the charge given, even if it does not correctly state the law.[1]

Under the charge given, the money is contraband if it was used or intended to be used in the commission of one of the following felony offenses or if the money was the proceeds gained or acquired from the commission of one of these offenses:

(1)      knowingly or intentionally delivering or possessing with intent to deliver a controlled substance, including cocaine, methamphetamine, and heroin, or

(2)      knowingly or intentionally delivering more than one-fourth of an ounce of marijuana.

Under the charge given, the money also is contraband if it was used or intended to be used in the commission of the felony offense of knowingly acquiring or maintaining an interest in, concealing, possessing, transferring, or transporting the proceeds of any offense classified as a felony in Texas or in the United States of America.

At trial, Officer Piel testified that it was probable that the drug-detection dog alerted to Enriquez's bag because the bag had been in recent proximity to a large

---

[1] *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) (holding that appellate court could not review the sufficiency of the evidence based on a particular legal standard because that standard was not submitted to the jury and no party objected to the charge on this ground or requested that the jury be charged using this standard); *Hirschfeld Steel Co. v. Kellogg Brown & Root, Inc.*, 201 S.W.3d 272, 283–86 (Tex. App.—Houston [14th Dist.] 2006, no. pet.) (reviewing sufficiency of evidence based on unobjected-to jury instruction and rejecting various arguments based on different legal standards).

amount of controlled substances. There is no evidence that the drug-detection dog alerted to the money or that the money was inside Enriquez's bag when the dog alerted to the bag. Nothing in the record tells us what controlled substance the dog detected. The dog was trained to alert to heroin, cocaine, methamphetamines, and marijuana. Presuming that the evidence is legally sufficient to support a finding that the money had recently been near a large amount of controlled substances, the evidence is still lacking because the large amount of controlled substances may have been marijuana being used in a criminal enterprise in which the marijuana was delivered in amounts of less than one-fourth of an ounce, which would not constitute a felony offense.

Considering the evidence in the light most favorable to the challenged finding, indulging every reasonable inference that would support it, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not, the trial evidence would not enable reasonable and fair-minded people to find that the money is contraband under the charge submitted to the jury.[2] Therefore, the evidence is legally insufficient to support the jury's finding that the seized money is contraband.

/s/ Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Busby (Jamison, J., majority).

---

[2] *See City of Keller v. Wilson,* 168 S.W.3d 802, 823, 827 (Tex. 2005).

3